UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:10-CV-067-KKC

IN RE:                                                              Adv. Proc. No. 09-05252

THE POST-CONFIRMATION COMMITTEE
OF SAMARITAN ALLIANCE, LLC,

    Debtors

_____

POST-CONFIRMATION COMMITTEE OF
SAMARITAN ALLIANCE, LLC,                                            PLAINTIFF

v.                              **OPINION AND ORDER**

A. RONALD TURNER, et al.,                                           DEFENDANTS

* * * * * * * * *

This matter is before the Court on Defendants' Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the Eastern District of Kentucky [Rec. No. 1, 3]. Plaintiffs the Post-Confirmation Committee of Samaritan Alliance, LLC ("Samaritan Alliance") has not responded. The time for filing a response has elapsed. Accordingly, this matter is ripe for review. The Court notes that Defendants and Plaintiff are parties in an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Kentucky. For the reasons set forth below, Defendants' motion will be denied as premature.

I.    **BACKGROUND**

Samaritan Alliance has filed a complaint in Adversary Proceeding No. 09-05252, alleging three counts: (1) Count I alleges that Defendants are liable for breaches of fiduciary duties;

(2) Count II alleges Defendants are liable for aiding and abetting breaches of fiduciary duties; and (3) Count III alleges Defendants are liable for negligence. These claims are based on Defendants' alleged conduct as officers or directors of Associated Healthcare Systems, Inc. ("AHS"), a parent corporation to Associated Healthcare Systems of Lexington, LLC, which owned a partial interest in Samaritan Alliance, LLC ("Debtor"). Defendants' conduct is alleged to have occurred prior to Debtor's filing of a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Kentucky on April 16, 2007, Case No. 08-50278-JMS.

On February 23, 2010, Defendants moved to withdraw this Court's reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). In support of their motion, Defendants assert that they have a Seventh Amendment right to try the breach of fiduciary duty and negligence claims before a jury and that the Bankruptcy Court cannot try these claims because they are non-core proceedings and Defendants have not consented to the Bankruptcy Court's conduct of the jury trial.

**II.     ANALYSIS**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. However, pursuant to Local Rule 83.12, all Title 11 cases in the Eastern District of Kentucky are automatically referred to the Bankruptcy Court in this district. *See* 28 U.S.C. § 157(a); *Amedisys, Inc., et al. v. Nat'l Century Fin. Enters., Inc. (In re Nat'l Century Fin. Enters., Inc.*), 423 F.3d 567, 573 (6th Cir. 2005)(indicating that district courts may refer Title 11 cases and relates cases to bankruptcy courts). A party may move to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred

under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The statute indicates that there are two bases for withdrawing the reference: mandatory withdrawal and discretionary withdrawal. Courts are required to construe the withdrawal statute narrowly. *Hassett v. Citicorp N. Am., Inc. (In re CIS Corp.)*, 188 B.R. 873, 877 (S.D.N.Y. 1995); *Mich. Milk Producers Ass'n v. Hunter*, 46 B.R. 214, 215-16 (N.D. Ohio 1985). There is a split of authority as to how "consideration" in the mandatory withdrawal provision should be interpreted. The Sixth Circuit has not defined "consideration" and district courts within the Circuit are split. *See Laborers' Pension Trust Fund, et al. v. Kiefer (In re Kiefer)*, 276 B.R. 196 (E.D. Mich. 2002); *Martin v. Friedman, et al.*, 133 B.R. 609 (N.D. Ohio 1991). However, courts in the Eastern District of Kentucky follow the majority rule that mandatory withdrawal is warranted where resolution of the claims before the bankruptcy judge will require substantial and material consideration of non-Bankruptcy Code statutes. *Sec'y of the Dep't of Labor v. Holman (In re Holman)*, 325 B.R. 569, 573 (E.D. Ky. 2005). Defendants do not appear to argue for mandatory withdrawal of the reference.

However, a district court may grant discretionary withdrawal of the reference where the movant shows "cause" and the motion is "timely" filed. *Big Rivers Elec. Corp. v. green River Coal Co., Inc.*, 182 B.R. 751, 754-55 (W.D. Ky. 1995); *Eide v. Haas, et al. (In re H & W Motor Express Co.)*, 343 B.R. 208, 213 (N.D. Iowa 2006). While "cause" is not defined by the Bankruptcy Code, most courts consider several factors to determine whether "cause" exists.

3

These factors include: (1) judicial economy; (2) uniformity in bankruptcy administration; (3) reducing forum shopping and confusion; (4) fostering economical use of the debtor's and creditor's resources; (5) expediting the bankruptcy process; and (6) the presence of a jury demand. *Big Rivers Elec. Corp.*, 182 B.R. at 754.

Some courts first decide whether the proceedings before the bankruptcy court are core or non-core. *See Enron Corp. v. Belo Co. (In re Enron Corp.)*, 317 B.R. 232, 234 (S.D.N.Y. 2004)(citing *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1100-01 (2d Cir. 1993)). Core proceedings invoke either "a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Lowenbraun v. Canary, et al. (In re Lowenbraun)*, 453 F.3d 314, 320 (6th Cir. 2006); *see* 28 U.S.C. § 157(b)(2) (giving a non-exhaustive list of core proceedings). "The bankruptcy judge rules on whether a particular proceeding is a core proceeding." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992)(citing 28 U.S.C. § 157(b)(3)). In non-core proceedings, a bankruptcy court may not enter a final judgment, but does have authority to issue proposed findings of fact and conclusions of law that the district court reviews *de novo*. 28 U.S.C. § 157(c)(1); *Marshall v. Marshall*, 547 U.S. 293, 303, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006). District courts are permitted to withdraw both core and non-core proceedings. *In re Holman*, 325 B.R. at 572.

Where the parties consent, the district court may refer a non-core proceeding to a bankruptcy judge "to hear and determine and to enter appropriate orders and judgments...." 28 U.S.C. § 157(c)(2). Federal Rule of Bankruptcy Procedure 7008 requires an adversary proceeding plaintiff to state in his complaint whether the "proceeding is core or no-core and, if

4

non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge."[1]  Similarly, an answer must include a "statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge[,]" if the party denies that the proceeding is core.  Fed. R. Bankr. P. 7012.  A bankruptcy judge may conduct a jury trial, where the right exists, if specially designated to do so by the district court and the parties expressly consent.  28 U.S.C. § 157(e); *see Vigh v. Yates, et al. (In re Vigh)*, 85 F.3d 630, 630 (6th Cir. 1996)(unpublished)(citations omitted).

In this case, Defendants argue that the motion to withdraw reference should be granted because (1) they have a Seventh Amendment right to a jury trial on the claims for breaches of fiduciary duty and negligence, and (2) the Bankruptcy Judge cannot conduct a jury trial of these claims because they are non-core and Defendants have filed an answer demanding a jury trial and indicating that they do not consent to the conduct of the jury trial by the Bankruptcy Court.  A substantial portion of the Defendants' arguments in favor of withdrawing the reference is based on their contention that the breach of fiduciary duty and negligence claims are non-core.  This may be correct.  However, at this time this issue has not been fully developed.  Defendants have not indicated whether the Bankruptcy Judge has already decided whether the claims in dispute are core or non-core, as is contemplated by the statute.  *See* 28 U.S.C. § 157(b)(3)("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11.").

---

[1] In this case, Samaritan Alliance has alleged in its adversary complaint that "[t]his is a core proceeding pursuant to 28 U.S.C. § 157(b)."

Defendants appear to be asking this Court to decide this issue, rather than having it submitted to the Bankruptcy Judge. The Court will decline to do so in light of the statutory language of section 157(b)(3) and the appeals process set forth in section 158. *See Big Rivers Elec. Corp.*, 182 B.R. at 755 n.4 (questioning whether a district court may consider the core/non-core issue in the first instance and whether review of such a decision by a bankruptcy court is possible absent a formal appeal). The Court finds that the best course of action at this time is to allow the Bankruptcy Court to exercise its statutory obligation regarding whether the matter is core to the Bankruptcy Proceeding. Once the Bankruptcy Judge has rendered a decision, the parties may move to withdraw the reference and move for a jury trial in this Court.

### III. CONCLUSION

Defendants' motions to withdraw the reference in this case are premature. Therefore the Court will **DENY** the motions at this time. However, the parties may seek withdrawal in the future.

Accordingly, it is **HEREBY ORDERED** as follows:

(1) Defendants' motions to withdraw the reference, [Rec. 1, 3], are **DENIED WITHOUT PREJUDICE;**

(2) The Clerk shall **FILE** this Order in this Court and in the U.S. Bankruptcy Court for the Eastern District of Kentucky, Adversary Proceeding, No. 09-05252; and

(3) This matter be **STRICKEN FROM THE COURT'S ACTIVE DOCKET** and **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Kentucky.

This 20th day of April, 2010.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**